**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul B. Mohr, Jr. and Lydia Bustamante-Mohr, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Murphy Elementary School District 21 of Maricopa County; William E. Grimes and Theresa M. Grimes; and Terri Swanson and John Doe Swanson,<br><br>Defendants. | No. CV-10-153-PHX-DGC<br><br>**ORDER** |

Paul Mohr has served as Superintendent of Murphy Elementary School District since 2004. In 2007, he was arrested for shoplifting a bottle of wine from a local grocery store. The District learned about the incident in September of 2009, and currently is pursuing termination proceedings against Mohr.

Mohr and his wife filed a complaint against the District and certain board members in state court on November 9, 2009. Dkt. #1-1 at 8-13. The complaint sought declaratory relief based on contract, accord and satisfaction, and the Arizona Constitution. *Id.* ¶¶ 20-24. The amended complaint, filed in state court on January 14, 2010, asserts five claims: violation of the open meeting law, declaratory judgment based on contract, declaratory judgment based on violations of Arizona statutes and federal due process, federal civil rights violations under 42 U.S.C. § 1983, and tortious interference with contract. Dkt. #1-3 at 75-88. Defendants removed the case to this Court on January 25, 2010. Dkt. #1.

1    Plaintiffs have filed a motion to remand. Dkt. #7. The motion is fully briefed.
2    Dkt. ##13, 14. For reasons that follow, the Court will deny the motion.[1]

3    Plaintiffs contend that removal was improper under 28 U.S.C. § 1446(b) because
4    Defendants did not remove the case within thirty days of when they were first on notice of
5    a federal question. Removal was timely, Defendants argue, because federal claims sufficient
6    to support removal jurisdiction did not exist until Plaintiffs filed the amended complaint.
7    Defendants are correct.

8    "Federal courts are courts of limited jurisdiction. They possess only that power
9    authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*,
10   511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1331, district courts have original
11   jurisdiction over cases involving a federal question, that is, cases "arising under the
12   Constitution, laws, or treaties of the United States."

13   The district courts may exercise federal question jurisdiction in two situations. The
14   first is where a federal right is "an element, and an essential one, of the plaintiff's cause
15   of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) (citations omitted). The
16   federal right "must 'be disclosed upon the face of the complaint[.]'" *Provincial Gov't of*
17   *Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (citation omitted).
18   The second situation exists when "a state-law claim 'necessarily raises a stated federal
19   issue[.]" *Id.* The federal issue "must be 'a substantial one, indicating a serious federal
20   interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 1086-87.

21   Defendants point out, correctly, that the original complaint raised no federal right or
22   substantial federal issue, but only state law claims and issues. Dkt. #13 at 3, 11. The original
23   complaint sought "construction of the obligation of the parties to the [employment] contract[]
24   in light of Defendants' anticipatory breach of the contract." Dkt. #1-1 at 9, ¶ 9. Plaintiffs

---

[1] Plaintiffs' request for a hearing (Dkt. #8) is denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

alleged that the termination procedure Defendants intended to use "is not countenanced by the contract between the parties, and is subject to [a] prior action and [the] legal doctrine of accord and satisfaction." *Id.* at 10, ¶ 19. Count one sought declaratory relief on the ground that the Board was in breach of contract and in contravention of due process under the Arizona Constitution. *Id.* at 11-12, ¶ 22. Count two sought declaratory relief based on accord and satisfaction and violation of due process rights under the Arizona Constitution. *Id.* at 12, ¶ 24. Because the original complaint raised only state law claims and issues, it could not provide a basis for federal question jurisdiction.

Plaintiffs contend that federal question jurisdiction existed in this case as early as November 9, 2009, when Plaintiffs filed a motion for temporary restraining order (Dkt. #1-1 at 31-37), and no later than December 21, 2009, when Plaintiffs filed a motion for reconsideration of the order denying a stay of termination proceedings (Dkt. #1-2 at 45-53). Dkt. #7 at 1. Plaintiffs note that those motions referred to federal due process rights and double jeopardy issues. *Id.* at 2-3. It is well established, however, that federal question jurisdiction exists only where the "*complaint* establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis added).

Moreover, "[i]t is a 'long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). The general references to federal due process and double jeopardy in papers other than the pleadings are too vague to establish federal question jurisdiction. *See ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("The fact that ARCO's complaint makes repeated references to [a federal statute] does not mean that [the statute] creates the cause of action under which ARCO sues"); *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979 , 982 (9th Cir. 1997) ("[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary

1 | element of the state law claim and no preemption exists."); *see also Myung v. Wash. Mut. Bank*, No. CV 09-7581 PA (JCx), 2009 WL 4123467, at *2-3 (C.D. Cal. Nov. 23, 2009) (finding no substantial federal issue where state claims were based in part on alleged violations of federal statutes); *O'Grady v. Wachovia Bank, N.A.*, No. CV 08-5065 SVW (SSX), 2008 WL 4384282, at *2 (C.D. Cal. Sept. 10, 2008) (federal question whether the defendant violated federal statute was a collateral issue where the plaintiff's claims could be supported on state law grounds).

As Plaintiffs note, the removal statute is to be strictly construed against removal jurisdiction. Dkt. #7 at 5; 28 U.S.C. § 1441; *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Indeed, there is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Application of this standard, however, would have caused the Court to remand the case to state court had Defendants removed it prior to the assertion of federal claims in the amended complaint (Dkt. #1-3 at 75-88). Federal question jurisdiction did not exist until the filing of the amended complaint.

Plaintiffs cite *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972 (9th Cir. 2007), for the proposition that a paper other than a pleading may provide sufficient notice of "federal claims." Dkt. #7 at 5. *Babasa*, however, concerned the amount in controversy for purposes of diversity jurisdiction. 498 F.3d at 975; *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005) (addressing when complete diversity between the parties first became ascertainable). Plaintiffs have cited no legal authority showing that a general reference to due process and double jeopardy in papers other than pleadings is sufficient to establish federal question jurisdiction.

Plaintiffs argue, for the first time in their reply brief, that the original complaint was removable because an exhibit to that pleading referred to the Fourteenth Amendment and cited *Zavala v. Arizona State Personnel Board*, 766 P.2d 608 (Ariz. 1988), a state case addressing due process issues. Dkt. #14 at 5-6. "It is well established that issues cannot be

raised for the first time in a reply brief." *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007). Moreover, given that the "the actual causes of actions stated in the [original] complaint all sound in state law," *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 (9th Cir. 1996), any reference to federal issues in an exhibit is wholly insufficient to establish federal question jurisdiction.

Plaintiffs further argue that Defendants cannot meet their burden of proving subject matter jurisdiction because they have sought dismissal on ripeness grounds. Dkt. #14 at 8-9. The issue presently before the Court is whether removal was timely. *See* Dkt. #7. The Court will address Defendants' motion to dismiss (Dkt. #11) once it is fully briefed.

In summary, no basis for federal removal was ascertainable from the face of the original complaint. "That [Defendants] might have guessed that [Plaintiffs] would amend their pleadings to put forward sufficient facts to support removal is not sufficient to start the thirty-day clock." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009). The thirty-day clock started when Plaintiffs asserted federal claims in the amended complaint on January 14, 2010. Dkt. #1-3 at 75-88. The notice of removal filed eleven days later was timely. *See* Dkt. #1; 28 U.S.C. § 1446(b).

**IT IS ORDERED** that Plaintiffs' motion to remand (Dkt. #7) is **denied**.

DATED this 19th day of February, 2010.

_____
David G. Campbell
United States District Judge