**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul B. Mohr, Jr. and Lydia Bustamante-Mohr, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Murphy Elementary School District 21 of Maricopa County; William E. Grimes and Theresa M. Grimes; and Terri Swanson and John Doe Swanson,<br><br>Defendants. | No. CV-10-153-PHX-DGC<br><br>**ORDER** |

Paul Mohr began serving as Superintendent of Murphy Elementary School District in 2004. In December 2007, he was arrested for shoplifting a bottle of wine from a local grocery store. Mohr served a 30-day suspension without pay beginning on September 29, 2009. The District subsequently rescinded the suspension and pursued administrative termination proceedings against Mohr.

Mohr and his wife filed a state court complaint against the District and certain board members on November 9, 2009. Dkt. #1-1 at 8-13. The amended complaint, filed on January 14, 2010, asserts five claims: violation of Arizona's open meeting law, declaratory judgment based on contract, declaratory judgment based on constitutional and statutory rights, violations of due process under 42 U.S.C. § 1983, and tortious interference with contract. Dkt. #1-3 at 75-88. The action was removed to this Court on the basis of federal question jurisdiction. Dkt. #1.

Defendants have filed a motion to dismiss. Dkt. #11. The motion is fully briefed. Dkt. ##19, 24. No party has requested oral argument. For reasons stated below, the Court will grant the motion in part and remand the case to state court.

Defendants seek dismissal pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Dkt. #11 at 1. The amended complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Defendants argue, because Plaintiffs have failed to exhaust their administrative remedies and their claims are not ripe for adjudication. *Id.* at 3-11. Defendants concede in their reply brief that those arguments are moot because the administrative termination proceedings have concluded. Dkt. #24 at 2.

Defendants argue that dismissal is required under Rule 12(b)(6) because the amended complaint fails to state a claim to relief. Dkt. #11 at 13-18. To survive dismissal under Rule 12(b)(6), the pleading must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**I.      Count One: Open Meeting Law Violation.**

Plaintiffs allege generally that individual Board members, outside of a regular meeting and without official action of the Board, consulted with the law firm of Lewis and Roca and received a second opinion from attorney Mary Ellen Simonson. Individual Board members allegedly communicated to Ms. Simonson and other Lewis and Roca attorneys that some Board members wished to terminate Mohr for the conduct leading to his 30-day suspension. Plaintiffs assert that those communications violate Arizona's open meeting law, A.R.S. §§ 38-431 to 38-431.09. Dkt. #1-3 at 80, ¶¶ 36-39.

Plaintiffs allege in count one itself that they have discovered no agenda or minutes of the District showing that Lewis and Roca was retained as counsel. *Id.* at 83, ¶ 59. Plaintiffs claim that the "Board's decision to hire Lewis and Roca, to the extent that occurred, have it draft the statement of charges, and appear in this action have the appearance of 'legal actions,' all of which must occur in a public meeting[.]" *Id.* at 82, ¶ 51.

Arizona's open meeting law provides that "[a]ll meetings of any public body shall be public meetings" and "[a]ll legal action of public bodies shall occur during a public meeting."

A.R.S. § 38-431.01(A). A "meeting" is defined as the gathering of a "quorum of members of a public body at which they discuss, propose, or take legal action[.]" A.R.S. § 38-431(4). "Legal action" means "a collective decision, commitment or promise made by a public body" pursuant to legal authority. A.R.S. § 38-431(3).

The amended complaint fails to state a violation of the open meeting law, Defendants argue, because it contains no allegation that legal action was taken outside of a public meeting by a *quorum* of Board members. Dkt. ##11 at 13-14, 24 at 5-6. Defendants are correct.

The Board members' alleged *failure to meet* and take legal action necessary to hire Lewis and Roca (Dkt. ##1-3 at 80-83, 19 at 13) does not constitute a violation of the open meeting law. Plaintiffs allege that "individual Board members" and "Mr. Grimes and/or other Members of the Board" had meetings with Lewis and Roca to discuss Mohr's termination. Dkt. #1-3 at 80, ¶¶ 36-37. But the statutory definition of "meeting," A.R.S. § 38-431(4), includes "only those instances when a quorum of a public body gather. If there is less than a quorum, then the Open Meetings Law does not apply." Ariz. Op. Att'y Gen. No. I79-004 (Jan. 9, 1979); *see* Ariz. Op. Att'y Gen. I08-008 (Sept. 29, 2008) (the definition of "meeting" under § 38-431 means "the gathering of a quorum of a public body").

The amended complaint contains no allegation that legal action was taken outside of a public meeting by a quorum of Board members. The Court therefore will grant the motion to dismiss with respect to count one. *See Boyd v. Mary E. Dill Sch. Dist. No. 51*, 631 P.2d 577, 580 (Ariz. Ct. App. 1981) (affirming dismissal of open meeting law claim where the alleged legal action was taken by less than a quorum of board members); *see also Dewey v. Redevelopment Agency of City of Reno*, 64 P.3d 1070, (Nev. 2003) (following the "majority of states in adopting a quorum standard as the test for applying the Open Meeting Law to gatherings of the members of public bodies").

**II. Count Five: Tortious Interference with Contract.**

Count five asserts a claim for tortious interference with contract against the individual Defendants. Dkt. #1-3 at 85-86, ¶¶ 83-89. The alleged tortious interference consists of open

meeting law violations. *Id.* ¶¶ 84-85. As explained more fully above, Plaintiffs have failed to plead a violation of the open meeting law. The Court therefore will dismiss count five for failure to state a claim to relief.

### III. Count Three: Declaratory Judgment – Constitutional and Statutory Rights.

Count three of the amended complaint seeks a declaration that the procedure the Board intended to employ to terminate Mohr would deprive him of constitutional and statutory due process rights. Dkt. #1-3 at 84, ¶ 70. Defendants argue, correctly, that count three fails to state a plausible claim to relief because it is based on nothing more than assertions of what Plaintiffs believe the Board intended to do in the course of administrative proceedings. Dkt. #11 at 14.

Plaintiffs allege in count three that the Board "*intends* to present evidence and witnesses not included in the Statement of Charges" (*id.* ¶ 72), that it "*intends* to act in excess of its statutory authority" (*id.* ¶ 73), that it has the "*intent* to be the charging party, prosecutor, witness, and judge" (*id.* ¶ 74), and that these "*proposed* actions are under color of state law and will violate Constitutional due process" (*id.* ¶ 75) (emphasis added). The plausibility standard set forth in *Twombly* "asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556-57). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). The declaratory judgment claim asserted in count three "'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 557). The Court will dismiss count three for failure to state a claim to relief.

### IV. Count Four: Due Process Violation Under 42 U.S.C. § 1983.

Count four asserts a claim for violation of due process pursuant to 42 U.S.C. § 1983. Dkt. #1-3 at 85, ¶¶ 76-82. Plaintiffs allege generally that the District's actions have deprived

- 4 -

Mohr of the benefits of his property interest in his employment contract without providing the requisite due process. *Id.* ¶ 79. Count four must be dismissed, Defendants argue, because Plaintiffs fail to allege facts sufficient to state an actionable due process claim. Dkt. #11 at 15-16. The Court agrees.

Before a public employee is terminated for cause, "he is entitled to 'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.'" *Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th Cir. 2001) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)). Nowhere in the amended complaint do Plaintiffs allege that Mohr has been terminated without being provided an opportunity to be heard. Nor do Plaintiffs dispute that the District provided Mohr with written notice of the charges and evidence against him. *See* Dkt. #1-3 ¶ 72; Dkt. #1-1 at 93-98. Plaintiffs allege that the Board "has not made adequate disclosure of the evidence and witnesse[s]" (Dkt. #1-3 ¶ 71), but provide no supporting facts. "'[N]aked assertions' devoid of 'further factual enhancement'" do not suffice to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557); *see Rosales v. Fischer*, No. 07 Civ. 10554(LAP)(DFE), 2009 WL 2043901, at *2 (S.D.N.Y. July 14, 2009) (conclusory allegation that prison officials forged witness refusal forms insufficient to support due process claim). Moreover, "'the Due Process Clause does not guarantee that parties in an adversarial proceeding may discover every piece of evidence they desire.'" *Wilcox v. City of Phoenix*, No. CV 07-01875-PHX-MHM, 2009 WL 3174758, at *5 (D. Ariz. Sept. 29, 2009) (citation and brackets omitted).

The Board is not an impartial tribunal, Plaintiffs allege, because it will serve as the "charging party, prosecutor, witness, and judge[.]" Dkt. #1-3 ¶ 74. But "the combination of investigative and adjudicative functions does not, without more, constitute a due process violation." *Withrow v. Larkin*, 421 U.S. 35, 51 (1975). The Due Process Clause does not guarantee Plaintiffs that "the decision to terminate [Mohr's] employment would be made or reviewed by a body other than the School Board." *Hortonville Joint Sch. Bd. No. 1 v. Hortonville Educ. Ass'n*, 426 U.S. 482, 497 (1976).

Plaintiffs further allege that the Board has a pecuniary interest in Mohr's contract, has announced hostility toward Mohr, and has prejudged the matter. Dkt. #1-3 ¶ 75. Public officials are presumed to act with honesty and integrity. *See Hortonville*, 426 U.S. at 497. Plaintiffs have identified no facts showing that the Board has exhibited impermissible bias during the termination process sufficient to rebut the presumption of honesty and integrity on the part of the Board. *See* Dkt. #1-3 at 75-88; *see also Vanelli v. Reynolds Sch. Dist. No. 7*, 667 F.2d 773, 780 & n.10 (9th Cir. 1982) (school board members' prior participation in a termination decision did not render them impermissibly biased at a subsequent hearing to review the initial termination decision).

Plaintiffs claim, in conclusory fashion, that the District's actions have affected Mohr's "name, reputation, and standing in the community depriving him of liberty interests, including the right to pursue a livelihood." Dkt. #1-3 at 85, ¶ 81. "The Ninth Circuit has expressly limited such claims to 'extreme cases[.]'" *Wilcox*, 2009 WL 3174758, at *6 (quoting *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 987 (9th Cir. 2007)). "'It is not enough that the [District's] stigmatizing conduct has some adverse effect on [Mohr's] job prospects; instead, [Mohr] must show that the stigmatizing actions make it virtually impossible for [him] to find new employment in his chosen field.'" *Engquist*, 478 F.3d at 988 (citation omitted). He has alleged no such facts. *See* Dkt. #1-3 at 75-88.

In summary, the amended complaint does not plead facts sufficient to state a plausible federal due process claim. The Court will grant the motion to dismiss with respect to count four. *See Knox v. Rhodes*, No. 08-cv-277-JPG, 2010 WL 1418568, at *5 (S.D. Ill. Apr. 6, 2010) (granting motion to dismiss where alleged due process violation was "speculative at best and, under the most basic tenets of *Twombly*, . . . [did] not contain enough specificity to continue onward").

V. **Count Two: Declaratory Judgment – Contract.**

In count two, Plaintiffs seek a declaration of the parties' contractual rights in light of Defendants' apparent anticipatory breach of Mohr's employment contract. Dkt. #1-3 at 78-84, ¶¶ 19, 68. Plaintiffs make clear that they have not pled breach of contract and do not

seek contract damages against the District. *Id.* at 77, ¶ 10; Dkt. #19 at 17. Because the administrative termination proceedings against Mohr have concluded (*see* Dkt. #24 at 2), the declaratory relief sought in count two appears to be moot.

Plaintiffs, however, have filed a motion to enforce a stipulation staying administrative proceedings. Dkt. #17. Plaintiffs argue in their reply brief that all acts taken in violation of the stay – including the Board's ultimate decision to terminate Mohr – should be deemed null and void. Dkt. #26 at 6.

Because the purported stipulation was made on the record before state Judge Jeanne Garcia (*see* Dkt. #17-1), the scope and effect of the stipulation should be decided by her. In addition, because the federal claims have been eliminated, this case may be remanded to state court. *See* 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (where all federal law claims are eliminated before trial, the district court may decline to exercise jurisdiction over remaining state law issues).

**IT IS ORDERED:**

1. Defendants' motion to seal exhibits (Dkt. #22) is **granted**.
2. Defendants' motion to dismiss (Dkt. #11) is **granted in part**. Counts one, three, four, and five of the amended complaint are **dismissed**.
3. The Clerk is directed to **remand** this action to state court.

DATED this 5th day of May, 2010.

David G. Campbell
United States District Judge

- 7 -